**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4426

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEMONT JERRONE WEBB, a/k/a L. Dawg, a/k/a Mont,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers II, Chief District Judge.  (5:15-cr-00172-M-1)

Submitted:  May 31, 2023                    Decided:  June 14, 2023

Before GREGORY, Chief Judge, and WYNN and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Lynne Louise Reid, L. L. REID LAW, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2018, a jury convicted Lemont Jerrone Webb of multiple criminal offenses related to drug trafficking and money laundering. The district court sentenced him to life imprisonment. Webb appealed, and we affirmed his convictions, vacated his sentence as procedurally unreasonable, and remanded for resentencing. *See United States v. Webb*, 965 F.3d 262, 265-72 (4th Cir. 2020). On remand, the district court conducted a resentencing hearing and imposed a 360-month sentence of imprisonment and a five-year term of supervised release.

Webb now appeals from the amended criminal judgment entered on remand. Webb's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Webb's sentence is substantively reasonable. Webb has filed a pro se supplemental brief challenging his convictions. The Government has declined to file a response. We affirm.

Webb argues in his pro se brief that the district court erred in admitting evidence of his prior state court convictions for drug-related offenses and that the Double Jeopardy Clause was implicated because he was tried and convicted for the same offenses in state court. Webb raised these claims in his first appeal, and we rejected them. *See Webb*, 965 F.3d at 265-72. Accordingly, the mandate rule forecloses further review of the validity of Webb's convictions. *See United States v. Cannady*, 63 F.4th 259, 266 (4th Cir. 2023); *United States v. Bell*, 5 F.3d 64, 66-67 (4th Cir. 1993).

We review a criminal sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails

2

consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

The district court properly calculated the Guidelines range, allowed Webb to allocute, and afforded counsel an opportunity to argue for an appropriate sentence. After considering the parties' arguments and Webb's statement, the Guidelines range, and the 18 U.S.C. § 3553(a) factors, the court determined that a below-Guidelines 360-month sentence was warranted based on the circumstances of Webb's offense conduct, his history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offenses, to promote respect for the law, to provide adequate deterrence to criminal conduct, and to protect the public from further crimes by Webb. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). The district court also explained the mandatory, standard, and special conditions of Webb's five-year term of supervised release. The court's explanation was sufficient to support the imposition of Webb's below-Guidelines sentence, and Webb

3

does not overcome the presumption of reasonableness afforded to it. Webb's sentence is procedurally and substantively reasonable, and we thus discern no abuse of discretion in the district court's imposition of the 360-month prison term.

In accordance with *Anders*, we have reviewed the record in its entirety and have found no meritorious grounds for appeal. Accordingly, we affirm the amended criminal judgment. This court requires that counsel inform Webb, in writing, of the right to petition the Supreme Court of the United States for further review. If Webb requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Webb.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*